UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **DOROTHY BROWN, et. al.,** } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No.: 7:21-CV-00175-RDP |
| } | |
| **FORD MOTOR COMPANY,** } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs Dorothy Brown, Ralph Leslie, and Dennis King's Motion for Remand. (Doc. # 5). In that Motion, under 28 U.S.C. § 1447(c), Plaintiffs have moved to remand this case, which was originally filed in state court against Defendant Ford Motor Company ("Ford"). For the reasons stated below, Plaintiffs' motion to remand this case to the Circuit Court of Tuscaloosa County, Alabama is due to be granted.

**I.      Factual and Procedural Background**

Plaintiffs jointly filed this action and each one alleges that in 2015 or 2016 he or she purchased a Ford F-250, F-350, or F-450 "Super Duty" truck manufactured between 2011 and 2017 equipped with a "Power Stroke" diesel engine ("the vehicle" or "the vehicles"). (Doc. # 1-1 at 5, 9). Ford marketed those vehicles as using "diesel engine … technology and innovative Ford strategies to meet the latest federal emissions standards." (*Id.* at 5). Ford also marketed the vehicles as reducing nitrogen oxide emissions by over 80% (compared to older models) and as being the "cleanest Super Duty diesel ever." (*Id.*).

But, according to Plaintiffs, the vehicles were defective. Plaintiffs claim that, contrary to Ford's marketing, the vehicles emit nitrogen oxide pollution in excess of applicable emission

standards. (*Id.* at 7). Plaintiffs further allege that the vehicles were equipped with defective "CP4" fuel injection pumps that failed prematurely because those pumps were formulated for use of European diesel fuel and not American diesel fuel. (*Id.* at 8). With these allegations in mind, on December 29, 2020, Plaintiffs filed suit in the Circuit Court of Tuscaloosa County, Alabama. (Doc. # 1-1). Plaintiffs assert claims under state law and the federal Magnuson-Moss Warranty Act ("MMWA"). (*Id.* at 14-21). Plaintiffs' state law claims include breach of contract, breach of express and implied warranties, and fraud. (*Id.* at 15-20). As a remedy for Ford's alleged malfeasance, Plaintiffs request compensatory damages, damages under Alabama statute and the MMWA, damages for fraud or deceptive trade practices, pre-judgment interest, and punitive damages. (*Id.* at 20-21). Although the amount of damages claimed by category are unspecified (except as related to Plaintiffs' MMWA claims), the Complaint included the following language limiting Plaintiffs' total recovery:

> Plaintiffs do not seek more than $74,900.00 per Plaintiff. Plaintiffs further limit any and all recovery under the Magnuson Moss Act to a sum total of less than $49,000.00, attorney's fees awarded under the Magnuson Moss Act and costs of this Action. To be clear Plaintiffs are limiting their recovery under the Magnusson [sic] Act to an amount of less than or equal to $16,333.33 for each Plaintiff.

(*Id.* at 21).

The complaint was served on Defendant on January 6, 2021. (Doc. # 1). Defendant filed a timely notice of removal on February 5, 2021, based on diversity and federal question jurisdiction. (*Id.*).

On February 18, 2021, Plaintiffs filed a Motion for Remand. (Doc. # 5). That Motion contained language echoing the limiting language in the Complaint: Plaintiffs again limited their MMWA claims to a total of $49,000. (*Id.* at 1). And, Plaintiffs again stipulated that their total recovery was limited to $74,900. (*Id.* at 3).

2

Defendant submitted a response on March 1, 2021. (Doc. # 6). Defendant argues that the amount in controversy is clearly exceeded such that the court has federal question jurisdiction under the MMWA and makes a similar amount-in-controversy argument for purposes of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.* at 1-2). Defendant also contends that Plaintiffs' request for emotional, mental, and punitive damages are sufficient for the court to find that Plaintiffs' damage claims exceed the jurisdictional threshold. (*Id.* at 6). Further, Defendant maintains that Plaintiffs' clause limiting their damages is legally insufficient because it merely "approximates a limit on their damages" instead of containing "a statement that they are not *entitled* to more, and in fact will *never* accept more." (*Id.* at 8 (alterations in original)).

## II.     Jurisdictional Analysis

Federal courts are courts of limited rather than general jurisdiction. *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). "A motion to remand [a] case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after . . . notice of removal under section 28 U.S.C. § 1446(a) [is filed]." 28 U.S.C. § 1447(c). And, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id*. While it is true that a district court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations[,]" in determining whether a complaint meets the amount-in-controversy requirement, such deductions and inferences must be based on actual evidence as opposed to pure conjecture. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

Where a case is removed from state to federal court, "[t]he removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012); *Dudley v. Eli Lilly and Co.*, 778 F.3d 909, 913 (11th Cir. 2014).  And, in the context of a motion for remand, the party opposing remand

has the burden to establish that removal was proper. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998). Though the burden on the defendant is heavy, the removing defendant is "not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. But, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly" so that "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *see Newman v. Spectrum Stores, Inc.*, 109 F. Supp. 2d 1342, 1345 (M.D. Ala. 2000) (citation omitted) ("Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear.").

Because, in removing this case, Defendant has invoked diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under the MMWA, the court will address these arguments in turn after first discussing the proper standard of review.

A. **Standard of Review**

Plaintiffs assert that because they expressly limited their claims to less than the jurisdictional amounts in controversy, for the court to retain jurisdiction, Defendant must prove to a "legal certainty" that their claims would yield a recovery greater than jurisdictional amount in controversy. (Doc. # 5 at 4). Defendant, however, maintains that the court must apply a lower "preponderance of the evidence" standard. (Doc. # 6 at 12). A careful review of the relevant case law reveals that Plaintiffs' position is correct.

The right to remove for subject matter jurisdiction must be balanced against the principle that the plaintiff is the master of her complaint. *Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994). A defendant's right to remove is not on equal footing with a plaintiff's right to choose his

4

forum. *See id.* Although there is always a presumption favoring remand because of this disparity, that presumption is "significantly bolstered where . . . the complaint expressly limits the recovery to an amount below the jurisdictional minimum." *Kline v. Avis Rent A Car Sys., Inc.*, 66 F. Supp. 2d 1237, 1239 (S.D. Ala. 1999) (citing *Burns*, 31 F.3d at 1097).

The Eleventh Circuit has held that clauses expressly limiting the damages sought by plaintiffs, often referred to as *ad damnum* clauses, "deserve[] deference and a presumption of truth" and that if a plaintiff chooses to include such a clause, courts should "not assume—unless given reason to do so—that plaintiff's counsel has falsely represented, or simply does not appreciate, the value of his client's case." *Burns*, 31 F.3d at 1095. Under this line of case law, where such an express limitation exists, the court must remand unless the defendant can prove to a legal certainty that the amount in controversy exceeds $75,000. *See Kline*, 66 F. Supp. at 1239. The same legal certainty standard applies to express limitations in MMWA cases. *See Carstarphen v. River Birch Homes, Inc.*, CIV.A. No. 07-0055-WS-M, 2007 WL 841737, at *2 (S.D. Ala. Mar. 15, 2007). However, "where jurisdiction is based on a claim for indeterminate damages, the . . . 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003) (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-77 (11th Cir. 2000)).

Citing *Pretka v. Kolter City Plaza II, Inc*, 608 F.3d 744 (2010), Defendant asserts that the court should apply a preponderance of the evidence standard when reviewing Plaintiffs' Motion to Remand. (Doc. # 5). Defendant argues that, similar to the defendant in *Pretka*, (1) it has provided

some evidence that the amount in controversy exceeds the jurisdictional minimum and (2) it removed this case under the first paragraph of § 1446(b) (instead of the second paragraph of § 1446(b)). (Doc. # 6 at 9-12). Neither argument is convincing.

First, *Pretka* did not overturn the weight of Eleventh Circuit precedent holding that the legal certainty test should be applied to a plaintiff's express damages limitation — *Pretka* instead dealt with the proper standard of review when "the plaintiff has not pled a specific amount of damages." 608 F.3d at 752; *see Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007) (applying the preponderance of the evidence standard "to a situation, as here, where the court has only naked pleadings to consider." (footnote omitted)); *Burns*, 31 F.3d at 1095 ("Considering the specific nature of plaintiff's damage claim, we conclude that, to avoid a remand, defendant must prove to a legal certainty that plaintiff's counsel has, in effect [falsely assessed the value of the case or incompetently assessed the value of the case]."). Because Plaintiffs included an *ad damnum* clause in their Complaint, *Pretka*'s standard of review analysis is simply not pertinent here.

Second, *Pretka*'s differentiation between first and second paragraph removal cases is only relevant with regard to the "limits the removal statute places on the types of evidence that may be used by a defendant that removes the case." 608 F.3d at 758. Because this case involves an express limitation within the four corners of the complaint and does not require the court to determine what types of evidence may be relied on by Defendant, *Pretka* is entirely inapposite on this issue. Accordingly, as Plaintiffs' Complaint expressly limits their recovery to below the amounts in controversy under both § 1332 and the MMWA, the court finds the legal certainty standard is appropriately applied here.[1]

---

[1] The court acknowledges that district courts in the Eleventh Circuit have often and understandably struggled with the proper standard of review for motions to remand. *See Heath v. ILG Techs., LLC*, 2020 WL 6889164, at *3

### B. Amount in Controversy Under 28 U.S.C. § 1332

To assert diversity jurisdiction in removing an action, the removing party must show that no plaintiff is a citizen of the same state as any defendant -- that is, there is complete diversity between the parties -- and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). To be clear, the parties are completely diverse; the only dispute here is whether the amount in controversy exceeds $75,000. Defendant argues that the amount in controversy is greater than $75,000 because (1) Plaintiffs' express limitation is legally insufficient and (2) Plaintiffs' claims for unspecified emotional, mental, and punitive damages exceed the jurisdictional threshold. (Doc. # 6 at 2-9). But, both arguments are unpersuasive for the same tautological reason — Plaintiffs properly and explicitly limited their recoverable damages to below $75,000.

Defendant maintains that Plaintiffs' express limitation of damages is an "insufficient" and "halfhearted disclaimer." (Doc. # 6 at 9). Yet, Defendant never fully clarifies why Plaintiffs' limitation is legally insufficient other than to assert that Plaintiffs failed to include a statement that they are not "entitled to more, and in fact will never accept more" than the amount in controversy. (Doc. # 6 at 8). To ensure that a state case cannot be removed, all that a plaintiff must do is include in his or her complaint a "formal[] and express[] disclaimer" that "categorically state[s] that plaintiff will never accept more [than the amount in controversy]." *See Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012); Wright & Miller, 14A Federal Practice and Procedure § 3702 ("[T]he plaintiff is the master of the statement of his claim . . . if the plaintiff chooses to ask for less than the jurisdictional amount in a state court complaint, absent a showing

---

(N.D. Ga. Nov. 24, 2020) (citations omitted) ("This Court notes that district courts across the Eleventh Circuit have struggled to apply these standards uniformly."); *Smith v. GEICO General Ins. Co.*, 2019 WL 9467927, at *5 n.4 (M.D. Fla. Jan. 11, 2019) ("The Court recognizes a 'flux' within the Eleventh Circuit over the proper application of *Lowery*'s 'unambiguously establish' standard versus the 'preponderance of the evidence' standard."). Ultimately, however, even if applying preponderance of the evidence standard were appropriate, the court would reach the same result with regard to Plaintiff's Motion to Remand. (Doc. # 5). That is, Defendant has failed to show the court has jurisdiction even under a preponderance of the evidence standard.

of bad faith only the sum actually demanded is in controversy even though the pleader's motivation is to defeat removal.").[2] Contrary to Defendant's argument, Plaintiffs' Complaint contains such language. (*See* Doc. # 1-1 at 19) ("Plaintiffs do not seek more than $74,900.00 per Plaintiff."). Accordingly, because Plaintiffs properly limited their language to below the amount in controversy and because Defendant has provided no evidence that could satisfy the legal certainty standard, this court cannot exercise jurisdiction under 28 U.S.C. § 1332.[3] *See Holmes v. Kabco Builders, Inc.*, 2007 WL 841686, at *2 (S.D. Ala. Mar. 15, 2007) ("Where, as here, a plaintiff specifically pleads a damages amount below the jurisdictional threshold, the Eleventh Circuit has found that such a pleading deserves deference and a presumption of truth." (citation and internal quotation marks omitted)).

    **C.**    **Amount in Controversy Under the MMWA**

The above analysis does not end the jurisdictional inquiry because Defendant also asserts this case was properly removed to federal court based on Plaintiffs' MMWA claims.

Federal courts have jurisdiction over MMWA claims (and any pendent claims under 28 U.S.C. § 1367) if the amount in controversy of those claims, calculated by combining all the MMWA claims filed in the suit, is greater than $50,000. 15 U.S.C. § 2310(d)(3)(B); *Oliver v. Homes of Legend, Inc.*, 2000 WL 1092130, *1 n.2 (M.D. Ala. Apr. 17, 2000) ("A[n] [MMWA] claim brought by an individual plaintiff supports federal jurisdiction only if the amount in

---

[2] It is generally accepted that although *ad damnum* clauses are not necessary to prevent removal, they are usually sufficient to do so. *See Krikorian v. Ford Motor Company*, 2019 WL 7042939, at *4 (S.D. Ala.) (listing cases holding the same). *But see Seckel v. Travelers Home & Marine Ins. Co.*, 2013 WL 360421, at *2 (N.D. Ala. Jan. 29, 2013).

[3] The plain language of this express limitation also applies to Plaintiffs' claims for emotional, mental, and punitive damages. (Doc. # 1-1 at 19). Thus, the existence of Plaintiffs' claims for emotional, mental, and punitive damages do not deprive this court of jurisdiction. *See, e.g., Banks v. Social Service Coordinators, Inc.*, 2010 3947041 (N.D. Ala. Oct. 6, 2010) (remanding on account of an *ad damnum* clause limiting all damages -- including punitive damages -- to less than $74,900).

controversy is at least $50,000."). The Eleventh Circuit has clarified that in calculating the amount in controversy for MMWA purposes, the total only includes damages arising out of the MMWA violation (or violations). *See Ansari v. Bella Automotive Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) ("We are also [in] agreement with the Fifth Circuit that the amount in controversy for purposes of [the MMWA] does not include damages flowing from any pendent state law claim brought by a plaintiff." (citations omitted)). In other words, to calculate the amount in controversy for MMWA purposes, the damages of the MMWA claims are aggregated but damages related to non-MMWA claims are ignored.

According to Defendant, the estimated value of Plaintiffs' MMWA claims is, at most, $82,907.40, calculated by subtracting the current value of each vehicle (approximated by Carfax reports) from the purchase price of each vehicle and then aggregating those sums together.[4] (Doc. # 6 at 7). Because "the combined 'loss' sustained by Plaintiffs ... [is] above the $50,000 required for federal question jurisdiction under [the MMWA]," Defendant asserts that the court has jurisdiction over this action. (Doc. # 6 at 7).

However, the *ad damnum* clause in Plaintiffs' Complaint extended to their MMWA claims and operates to limit their combined recovery under the MMWA to less than $49,000. (Doc. # 1-1 at 21) ("Plaintiffs further limit any and all recovery under the [MMWA] to a sum total of less

---

[4] Defendant asserts this methodology is flawed and that the value of Plaintiffs' MMWA claims may be lower. (Doc. # 6 at 7). However, to calculate the amount in controversy for an MMWA claim, courts must "resort to state law . . . in determining the applicable measure of damages." *MacKenzie v. Chrysler Corp.*, 607 F.2d 1162, 1166 (5th Cir. 1979). And, under Alabama law, damages recoverable under a breach of warranty claim are measured by "the difference . . . between the value of the goods accepted and the value they would have had if they had been as warranted," though "any incidental and consequential damages . . . may also be recovered." Ala. Code § 7-2-714(2)-(3). Essentially, the amount in controversy of an MMWA claim, filed in Alabama, "equals the difference between the original purchase price of the [product] and the value of the [product] in its present state, with that figure reduced additionally by the value of plaintiff's beneficial use of the [product] in the interim." *Carstarphen*, 2007 WL 841737, at *4. Using a Carfax report is an acceptable method of estimating the current value of a vehicle in this context. *See, e.g.*, *Brown v. Ford Motor Co.*, 2019 WL 4072404, at *3 (N.D. Ala. Aug. 28, 2019) (calculating the plaintiff's MMWA damages as the difference between the purchase price of approximately $44,000 and a Carfax report showing a present value of $29,480).

9

than $49,000.00. … To be clear Plaintiffs are limiting their recovery under the [MMWA] to an amount of less than or equal to $16,333.33 for each Plaintiff."). Defendant does not explain why Plaintiffs' *ad damnum* clause should be any less binding with regard to Plaintiffs' MMWA claims than with regard to Plaintiffs' other claims. Nor does Eleventh Circuit case law, binding on this court, indicate *ad damnum* clauses should be treated differently in the context of MMWA claims. *See Burns*, 31 F.3d at 1095 (stating that an *ad damnum* clause, when it is specific and in a pleading signed by a lawyer, deserves deference and a presumption of truth."); *Carstarphen*, 2007 WL 841737, at *2 (applying Eleventh Circuit case law to an MMWA claim subject to an *ad damnum* clause and concluding that "the central battleground … is whether defendants have met their burden of proving to a legal certainty that [plaintiff] could not permissibly recover less than $50,000 on her MMWA cause of action").

Further, Defendant has not established a legal certainty (or even, for that matter, a preponderance of the evidence) that Plaintiffs' MMWA claims are greater than $50,000. In estimating Plaintiffs' damages at $82,907.40, Defendant does not take into account that Plaintiffs' MMWA claims must be reduced "by the value of [Plaintiffs'] beneficial use of the [vehicles] in the interim." *Carstarphen*, 2007 WL 841737, at *4. Between Plaintiffs' filing of the Complaint in 2021 and their earlier purchase of the vehicles in 2015 and 2016, Plaintiffs each used their vehicles for approximately five years. Taking this beneficial use into account, the value of Plaintiffs' MMWA claims is likely substantially below $50,000.

Because Plaintiffs properly limited their MMWA damages to below $49,000 through use of an *ad damnum* clause and Defendant has not proven to a legal certainty that the value of Plaintiffs' MMWA claims is greater than $50,000, the court cannot exercise federal question jurisdiction.

## IV. Conclusion

For the reasons stated above, the court finds that it lacks subject matter jurisdiction over the claims in this case.

A separate order will be entered remanding this case.

**DONE** and **ORDERED** this June 21, 2021.

*/s/ R. David Proctor*
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE